Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JUSTIN CHARLES COBB<br><br>Peticionario<br><br>v.<br><br>RANDA SHEBLY COBB<br><br>Recurrida | TA2026CE00596 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>DO2025RF00003<br><br>Sobre:<br>Divorcio y Custodia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Comparece ante *nos* Justin Charles Cobb (peticionario) y nos solicita que revisemos una *Resolución Provisional de Alimentos* emitida y notificada el 11 de marzo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI reinstaló, de manera provisional, la pensión alimentaria acordada según la *Sentencia* de divorcio.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de *certiorari* por falta de jurisdicción.

**I.**

Con fecha del 10 de abril de 2025, el foro primario emitió una *Sentencia* de divorcio mediante la cual se acogieron unas estipulaciones acordadas entre el peticionario y Randa Shebly Cobb (recurrida). Mediante esta, las partes acordaron un esquema de pensión alimentaria escalonada, mediante el cual el peticionario asumió el pago de una pensión alimentaria mensual de $6,500.00. Además, dispuso que el pago de la pensión alimentaria acordada

tendría una vigencia de seis (6) meses o hasta que adviniera sentencia final en el proceso de liquidación de la comunidad de bienes entre las partes, lo que ocurriera primero.

Posteriormente, el 31 de enero de 2026, la recurrida presentó una *Moción en Solicitud de Revisión de Pensión*. Arguyó que, a la fecha en que se dictó la *Sentencia*, no contaba con ingresos privativos propios, por lo que dependía exclusivamente de los ingresos generados por la comunidad de bienes para su sustento y el de los menores. Sostuvo que el término de seis (6) meses venció, sin que se hubiera fijado una nueva pensión alimentaria a favor de los menores. Así pues, aseveró que el peticionario ha mantenido control completo de los activos e ingresos de la comunidad de bienes post ganancial, dejándola desprovista de ingreso alguno. Añadió que, no cuenta con ingresos para el sustento de los menores; por lo cual, solicitó la fijación de una pensión alimentaria en beneficio de estos.

Entretanto, el 5 de febrero de 2026, la Examinadora de Pensiones Alimentarias (EPA) emitió una *Orden* mediante la cual señaló la vista de modificación de pensión alimentaria para el 3 de marzo de 2026. Llegado el día de la vista, las partes no comparecieron por tener los abogados conflicto en calendario. Así las cosas, la EPA emitió una *Acta* mediante la cual pautó la vista de alimentos para el 14 de mayo de 2026. Asimismo, recomendó que se reinstalara, de manera provisional, la pensión alimentaria acordada en la *Sentencia* de divorcio, en lo que se celebraba la vista de alimentos y se establecía la nueva pensión alimentaria.

En consecuencia, el 11 de marzo de 2026, el foro primario emitió una *Resolución Provisional de Alimentos* mediante la cual reinstaló, de manera provisional, la pensión alimentaria acordada de $6,500.00, según la *Sentencia* de divorcio. Oportunamente, el 26 de marzo de 2026, la parte peticionaria presentó una *Moción Que*

*Pide Reconsideración [...]*. El 10 de abril de 2026, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme, el 11 de mayo de 2026, el peticionario compareció ante *nos* mediante un recurso de *Certiorari* y alegó la comisión de los siguientes errores:

> **PRIMERO:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL FIJAR UN ACUERDO DE PENSION ALIMENTARIA CONTENIDO EN UNA SENTENCIA DE ESTIPULACIÓN DE PENSION ALIMENTARIA DE FORMA ESCALONADA, ATENTANDO CONTRA EL DEBIDO PROCESO DE LEY Y EL DERECHO A LA CONFRONTACIÓN.

> **SEGUNDO:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ATENTAR CONTRA EL CONTENIDO DEL ACUERDO POR ESTIPULACION DE PENSIÓN ALIMENTARIA ENTRE LAS PARTES, EN VIOLACIÓN AL PRINCIPIO DE PACTA SUNT SERVANDA.

> **TERCER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO EMITIR DETERMINACIONES DE HECHO NI CONCLUSIONES DE DERECHO PARA FUNDAMENTAR SU DECISIÓN, LO QUE DIFICULTA EL PROCESO REVISORIO A UN TRIBUNAL DE MAYOR JERARQUÍA Y CONSTITUYE UN ABUSO DE DISCRECIÓN.

El 15 de mayo de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. La parte recurrida no compareció, por lo que procedemos a resolver sin el beneficio de su comparecencia.

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC,* 214 DPR 432 (2024); *RB Power, Inc. v. Junta de*

*Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v.*

*Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra; González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

## B. Academicidad

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea,*

208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón,* 135 DPR 406 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo,* 80 DPR 552 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) **cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico**; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. (Énfasis nuestro). *Noriega v. Hernández Colón, supra,* a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del

pleito". *UPR v. Laborde Torres y otros I,* 180 DPR 253 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999).[1]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González,* 127 DPR 704 (1991).

### III.

En sus señalamientos de error, el peticionario aduce que erró el TPI al fijar un acuerdo de pensión alimentaria contenido en una *Sentencia* por estipulación de forma escalonada, atentando contra el debido proceso de ley y el derecho a la confrontación. Coligió, además, que erró el foro primario al atentar contra el contenido del acuerdo por estipulación de pensión alimentaria entre las partes, en violación al principio de *pacta sunt servanda.* Asimismo, manifestó que erró el TPI al no emitir determinaciones de hecho ni conclusiones de derecho para fundamentar su decisión, lo que dificulta el proceso revisorio a un tribunal de mayor jerarquía y constituye un abuso de discreción.

---

[1] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.,* 199 DPR 59 (2017).

Surge del expediente ante *nos* que, el 11 de marzo de 2026, el TPI emitió una *Resolución Provisional de Alimentos* mediante la cual reinstaló, de manera provisional, la pensión alimentaria acordada de $6,500.00, según la *Sentencia* de divorcio. Luego, el 26 de marzo de 2026, la parte peticionaria presentó una *Moción Que Pide Reconsideración [...]*. Posteriormente, el 10 de abril de 2026, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

En desacuerdo, el 11 de mayo de 2026, el peticionario compareció ante este Tribunal mediante un recurso de *Certiorari*. Estando pendiente el recurso ante nuestra consideración, el 14 de mayo de 2026, se celebró una Vista de Alimentos ante la EPA. El 3 de junio de 2026, el foro primario emitió una segunda *Resolución Provisional de Alimentos* mediante la cual determinó, entre otras cosas, que:

> 1. El padre no custodio, Sr. Justin Charles Cobb continuará pagando el hogar en donde reside la Sra. Randa Shebly Cobb ($33,000.00 mensuales) hasta que venza el término acordado por las partes de dieciocho (18) meses, según Sentencia dictada el 10 de abril de 2025, II (a) (1) o hasta que se celebre la vista final de alimentos, lo que ocurra primero.
> 2. Cada padre cubrirá el 100 % de los gastos de los menores, mientras se encuentren bajo su custodia. Sección II (a) (2) (v) de la Sentencia.
> 3. Cada padre pagará el 50 % de los gastos de educación, salud y actividades extracurriculares de los menores, esto último, previa consulta y acuerdo entre las partes.
> 4. La pensión alimenticia provisional aquí ordenada regirá entre las partes hasta que este Tribunal realice una nueva determinación.

Así pues, habida cuenta de que se modificó el pago de la pensión alimentaria estando el recurso pendiente de adjudicación ante este Tribunal, la controversia se tornó académica. Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C., supra.* Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o

autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González, supra.* Así, tornada la controversia en académica procede la desestimación del recurso ante *nos.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *certiorari* por falta de jurisdicción por académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones